```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
JULIO ALMONTE,                      |
                                    |
            Petitioner,             |
                                    |     05 Civ. 1995 (KMW)
    -against-                       |
                                    |     OPINION AND ORDER
WILLIAM LAPE,                       |
                                    |
            Respondent.             |
                                    |
------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

    Pro se Petitioner Julio Almonte brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After filing his petition, he moved for permission to stay these proceedings to exhaust additional claims in state court.  By Report and Recommendation dated March 30, 2006 (the "Report"), Magistrate Judge Gabriel W. Gorenstein recommended that the petition and the motion to stay be denied.  Petitioner objected to portions of the Report.  For the reasons stated below, both the petition and the motion to stay are denied.

**BACKGROUND**

    This summary is drawn from the Report's more detailed description of the facts, familiarity with which is assumed.  See Almonte v. Lape, No. 05 Civ. 1995 (KMW) (GWG), 2006 U.S. Dist. LEXIS 13799, at *1-19 (S.D.N.Y. Mar. 30, 2006).

    On the night of March 10, 2001, at a bar called El Sueno Two

1

in the Inwood section of Manhattan, Petitioner and one Andres Pena ("Andres") got into a fight.  The bar's security guard, Alexis Pena ("Alexis"), attempted to break up the fight.  Alexis testified at trial that Petitioner tried to stab Andres in the back; Petitioner, however, testified that his knife was closed.  Alexis successfully disarmed Petitioner; thereafter, Andres left for a nearby companion bar, El Sueno One.  Twenty minutes later, Alexis returned Petitioner's knife and escorted him outside.  Petitioner walked to El Sueno One, where he encountered Andres again and they began to fight again.  The two men threw chairs at each other, Petitioner stabbed Andres in the side, and then Petitioner left the bar.  (Andres was taken to a nearby hospital, where he eventually recovered.)

    Back at El Sueno Two, Alexis received a call about the stabbing.  He left, and was walking to El Sueno One when he encountered Petitioner on the street.  Police officers arrived soon thereafter and saw Petitioner repeatedly swinging his knife at Alexis.  After the police identified themselves, Petitioner dropped the knife and surrendered.  The officers retrieved the bloody knife and arrested Petitioner, who blurted out that Alexis was a drug dealer and that drug dealers needed to be killed.

    A jury in Supreme Court, New York County, convicted Petitioner of one count of first-degree assault on September 5, 2001.  It acquitted him of two counts of attempted assault.

Petitioner was sentenced to six years' imprisonment on October 4, 2001.

On appeal to the Appellate Division, First Department, Petitioner raised three claims: (1) the evidence was insufficient to establish his guilt, (2) the verdict was against the weight of the evidence, and (3) the court erroneously defined "serious physical injury."  The Appellate Division affirmed the conviction on May 11, 2004, People v. Almonte, 776 N.Y.S.2d 554 (App. Div. 2004), and the Court of Appeals denied leave to appeal, People v. Almonte, 817 N.E.2d 826 (N.Y. 2004).

Petitioner timely filed the instant petition for a writ of habeas corpus on February 4, 2005, raising the same three issues he raised before in the Appellate Division.  On April 20, 2005, he wrote to the Court requesting that the proceedings be stayed so he could exhaust other issues in state court.  In a brief dated July 10, 2005, Petitioner explained that the claims he wished to exhaust in state court were (1) that he received ineffective assistance of counsel because his lawyer failed to demonstrate a lack of probable cause for his arrest, and (2) that the felony complaint was defective.  The Report, dated March 30, 2006, recommended that both the petition and the motion to stay be denied.  Almonte v. Lape, No. 05 Civ. 1995 (KMW) (GWG), 2006 U.S. Dist. LEXIS 13799 (S.D.N.Y. Mar. 30, 2006).

**STANDARD OF REVIEW**

The Court must consider de novo any portion of a report and recommendation of a magistrate judge to which a party files timely written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Portions of a report to which no timely objections are filed need be reviewed only for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Because Petitioner is proceeding pro se, his submissions must be construed liberally and must be interpreted as raising the strongest arguments they suggest. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). The Court should examine pro se submissions "with a lenient eye, allowing borderline cases to proceed." Phillips v. Girdich, 408 F.3d 124, 127-28 (2d Cir. 2005) (internal quotation marks omitted).

**DISCUSSION**

**I.   Recommendations Without Objection**

In his petition for a writ of habeas corpus, Petitioner raised three arguments that he had previously presented without

success to the state Appellate Division: (1) the evidence presented at trial was insufficient to establish his guilt; (2) the verdict was against the weight of the evidence; and (3) the trial court gave the jury erroneous instructions on the definition of "serious physical injury."  Magistrate Judge Gorenstein found these arguments unavailing and recommended that the petition be denied.  The Report properly informed the parties about how to serve and file objections and explicitly cautioned that failure to do so would preclude appellate review.  Petitioner did not object to the recommendation that the petition be denied.

The Court has reviewed these portions of the Report and finds them to be free of clear error on the face of the record.  Accordingly, it adopts the recommendation that the three claims originally raised in the petition for habeas corpus be denied.

**II.   Recommendations to Which Petitioner Has Objected**

**A.   The Motion to Stay Lacks Merit**

After filing his original habeas petition, Petitioner moved to stay proceedings in this Court, in order to exhaust two claims in state court: (1) that he did not receive effective assistance of counsel because his lawyer failed to demonstrate lack of probable cause for his arrest, and (2) that the felony complaint was defective.  (See Show Cause Why Petition for Habeas Corpus

5

Should Be Stayed, July 10, 2005.)  Magistrate Judge Gorenstein recommended that no stay be granted.[1]  Petitioner objects to this recommendation, and the Court consequently considers these issues de novo.

In Rhines v. Weber, the Supreme Court held that a state prisoner's "mixed" habeas petition (one presenting both exhausted and unexhausted claims) should be stayed pending adjudication in state court only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278 (2005).  For the reasons stated below, Petitioner has not met this threshold with regard to either of his proposed claims, and therefore, a stay of the proceedings will not issue.

1.  Ineffective Assistance of Counsel

Petitioner argues that he was deprived of the effective assistance of counsel because his attorney did not establish that the police lacked probable cause for his arrest.  Petitioner has

---

[1] Petitioner objects that Magistrate Judge Gorenstein prejudged the merit of his ineffective assistance claim.  Petitioner misinterprets Magistrate Judge Gorenstein's Order, which does not assess the merits of his proposed claims but directs him to "show[] that each claim is not plainly meritless."  Almonte v. Lape, No. 05 Civ. 1995 (KMW) (GWG) (S.D.N.Y. May 23, 2005) (order).

not stated any good cause for having failed to present this argument on appeal.

Moreover, the claim is not potentially meritorious, for two reasons.  First, New York courts would not entertain the claim at this stage.  Petitioner has exhausted his single direct appeal, and he would be prohibited from raising the issue on collateral attack: A New York prisoner may not raise an issue challenging his conviction where

> sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, [yet] no such appellate review or determination occurred owing to the defendant's unjustifiable failure . . . to raise such ground or issue upon an appeal actually perfected by him.

N.Y. Crim. Proc. Law § 440.10(2)(c) (McKinney 2007).  Here, Petitioner could have raised on direct appeal the issue of ineffective assistance of counsel, based on the facts appearing in the transcript of the suppression hearing.  The issue is thus procedurally defaulted.  Cf. Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir. 2003) (finding ineffectiveness claim procedurally defaulted where "the alleged error . . . was particularly well-established in the trial record").

Second, even if state courts could consider this claim, they would not resolve it in Petitioner's favor.  "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the

7

Constitution." Strickland v. Washington, 466 U.S. 668, 692 (1984). Petitioner was not prejudiced by counsel's failure to establish lack of probable cause, because the arresting officer, Anthony Alvarez, had ample probable cause to arrest Petitioner. A warrantless arrest is reasonable "where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). Alvarez testified at the pretrial hearing that he observed Petitioner yelling at Alexis and attempting to stab him with a knife. (Hearing Tr.: Alvarez 10-11, 31-33.) Moments later, eyewitness Luis Natal told Alvarez that he saw Petitioner stab Andres. (Id. 12-13.) Alvarez thus had probable cause to believe that Petitioner had committed or was attempting to commit a criminal offense.

2.  Unsigned Felony Complaint

Petitioner also argues that the felony complaint was defective. His explanation for his failure to pursue this argument on appeal is that he lacked "additional documents which had just entered Petitioner[']s possession since the filing of his habe[a]s corpus petition." (Reply Opp'n to Magistrate's Recommendations ¶ 2.) This explanation does not constitute good cause for his failure to appeal, because Petitioner neither states what these "additional documents" are nor explains why he

lacked access to them at the time of appeal.

The claim also fails the "potentially meritorious" standard. As with Petitioner's ineffective assistance claim, the felony complaint claim is rooted in facts that appear in the record of the trial court proceedings. He thus could have raised this issue on direct appeal, and so collateral review is barred in state court. Furthermore, even if the complaint were defective, federal habeas relief could not issue, because the claim presents an issue of state law alone. See Estelle v. McGuire, 502 U.S. 62, 67 (1991)("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)); Hogan v. Ward, 998 F. Supp. 290, 295 (W.D.N.Y. 1998) (noting that alleged deficiency in complaint does not constitute federal constitutional violation); Beverly v. Walker, 899 F. Supp. 900, 908 (N.D.N.Y. 1995) (same). Petitioner's claim thus lacks potential merit in both state and federal court.

**B.  The Court May Not Consider the Claims Petitioner Failed to Raise on Direct Review**

Petitioner has not presented in state court his claims of ineffectiveness of counsel and defect in the felony complaint, and the Court has concluded he is not entitled to a stay of these proceedings in order to do so. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant

can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (citations and internal quotation marks omitted). As explained above, neither the claim of ineffectiveness of counsel nor that of defect in the felony complaint is potentially meritorious; Petitioner thus cannot demonstrate any prejudice from the failure to consider them as part of his habeas corpus petition. Petitioner has not alleged that he is actually innocent. Accordingly, this Court may not review these two claims.

**CONCLUSION**

For the reasons stated above, both the habeas corpus petition and the motion for a stay are DENIED. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to close this case; any pending motions are moot.

SO ORDERED.

Dated: New York, New York
February 22, 2007

_____
Kimba M. Wood
United States District Judge